UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA CHRISTOPHER,<br><br>             Plaintiff,<br><br>     v.<br><br>CDCR SECRETARY, et al.,<br><br>             Defendants. | No.  1:23-cv-00916 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER<br><br>(See ECF No. 6)<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, PLAINTIFF'S NOTICE OF CURRENT ADDRESS DUE IN SEVEN DAYS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 12, 2025, the Court issued a minute order which directed Plaintiff to file a notice of current address and to do so within seven days.  See ECF No. 6.  To date, Plaintiff has not complied with the order.

For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to obey a court order.  As an alternative to filing the showing of cause, Plaintiff may file a notice of current address with the Court and inform the Court whether Plaintiff would like to continue to prosecute this case.  Plaintiff will be given another

seven days to take either course of action.

## I. RELEVANT FACTS

On March 12, 2025, because a significant amount of time had passed since Plaintiff had filed her complaint in this Court in June 2023, the Court ordered Plaintiff to file a notice of current address before the Court screened Plaintiff's complaint. ECF No. 6. Plaintiff was given seven days to comply with the Court's order. See id.

## II. DISCUSSION

More than seven days have passed and Plaintiff has not complied with the Court's order, nor has Plaintiff requested an extension of time to do so. See generally Docket. Plaintiff has not responded to the Court's order in any way.

These facts on their face would warrant a recommendation that this matter be dismissed. However, given that the order which directed Plaintiff to file a change of address has not been returned to the Court marked "undeliverable," it is possible that Plaintiff no longer wishes to prosecute this case. Therefore, prior to recommending the dismissal of this matter, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to obey a court order. As an alternative to filing a showing of cause, Plaintiff may instead file a notice of current address with the Court. Should Plaintiff choose to file a notice of current address, in that filing, Plaintiff should also inform the Court whether Plaintiff would like to continue to prosecute this matter or dismiss it voluntarily. Plaintiff will be given seven days to take either course of action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is ordered to SHOW CAUSE why this matter should not be DISMISSED for failure to obey a court order;

2. As an ALTERNATIVE to filing the showing of cause, Plaintiff may file a notice of current address with the Court;

3. If Plaintiff opts to file a notice of current address with the Court, Plaintiff shall also inform the Court whether Plaintiff would like to continue to prosecute this case, and

4. Plaintiff shall have seven days to take either course of action.

IT IS SO ORDERED.

Dated: **April 24, 2025**          **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE