# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA CHRISTOPHER,<br><br>Plaintiff,<br><br>v.<br><br>CDCR SECRETARY, et al.,<br><br>Defendants. | Case No.  1:23-cv-00916-FRS (BAM) (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 1, 16)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.     Background

Plaintiff Victoria Christopher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 15, 2026, the Court screened the complaint and found that Plaintiff stated cognizable claims against Defendants Rodriguez and Heredia for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendant.  (ECF No. 15.)  The Court ordered Plaintiff to either file an amended complaint or notify the Court of her willingness to proceed only on the cognizable claims identified by the Court.  (*Id.*)

On February 5, 2026, Plaintiff filed a "Notice informing the Court that I do not intend to Amend."  (ECF No. 16.)  In the notice, Plaintiff states that "if I am being court ordered to not pursue my issues in court, then by all means: Proceed on all Cognizable Claims."  (*Id.* at 1, 3.)

1

Plaintiff then goes on to express disagreement with portions of the Court's screening order and submits exhibits apparently in support of these arguments.

Despite Plaintiff's arguments regarding the Court's original screening, Plaintiff has clearly expressed her intention not to file an amended complaint. Accordingly, the Court issues the following findings and recommendations with respect to the operative complaint filed on June 20, 2023.

## II.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### A.    Allegations in Complaint

Plaintiff is currently housed at the Central California Women's Facility ("CCWF") in Chowchilla, California, where the events in the complaint are alleged to have occurred. Plaintiff

2

names as defendants: (1) CDCR Secretary; (2) Cisneros, Correctional Officer, CCWF; (3) Heredia, Correctional Officer, CCWF; (4) Rubalcava, Lieutenant, CCWF; (5) Forte, Counselor, CCWF; (6) Rodriguez, Counselor, CCWF; (7) John Does 1–10; and (8) H. Moseley, Reviewing Authority, Sacramento.

Plaintiff alleges that on October 12, 2022, she walked through work change to go through the main yard gate for her court ducat, which was located in legal visiting at 10 a.m. that day. Plaintiff was in the Facility C program office, approximately ¼ mile away. Defendants Officers Cisneros and Heredia were sitting in the C program Sergeant's office listening to Plaintiff ask multiple staff and inmates to let her out the gate because she had child custody court at 10 a.m. Defendant Cisneros came out at 9:45 a.m. and instead of letting Plaintiff out, decided to antagonize her saying it only takes 5 minutes to walk a quarter mile, without regard to the officers and staff at visiting who would have to let Plaintiff in and log her in to the video court.

Plaintiff tried to reason with him, letting him know again it was a child custody court date. He remained unreasonable. Defendant CCI Forte then came out and said it would only take 2 minutes. They were clearly finding amusement in antagonizing Plaintiff and abusing their power by barring Plaintiff from going to her daughter's child custody court hearing. CCWF has a history of denying incarcerated people access to courts, especially family courts. Family courts and child custody courts for women are essential in maintaining relationships with children. CCWF staff used the deprivation of access to courts to abuse their power over inmates. This caused Plaintiff trauma.

Plaintiff attempted to resolve the issue by walking past them to the lieutenant's office. Defendant Lieutenant Rubalcava aided his staff in keeping Plaintiff from going at all. The judge had to issue an order to produce.

While trying to resolve the issue, Plaintiff was placed in the holding cell. The cage was used as a weapon to keep her from going to court. Defendant H. Moseley said that Plaintiff was kept from going to court at 9:45 a.m. because she was being assaulted at approximately 11:40 a.m., and Plaintiff was wrong to complain or strive to resolve the issue of being barred from going to court to begin with.

Plaintiff was kept in the cage for hours and harassed and antagonized repeatedly by being told she would be allowed to go late in 5 minutes, then once 5 minutes passed, she would be allowed to go in 10 minutes, then once 10 minutes passed, she would not be allowed to go at all. Plaintiff then asked what was happening, because she was being told they talked to the judge and then refused to give Plaintiff an answer. Plaintiff began to deteriorate in the cage due to being barred from going to her daughter's child custody court date.

Finally, at approximately 11:40 a.m., Plaintiff begged to be let out of the cage. Plaintiff let them know she was under mental anguish and duress and needed air, and needed to know what was going on with her daughter. Plaintiff tried to get some air. She was clearly under duress, and was barred. Plaintiff sat down and told them she needed air. It is known and recorded that Plaintiff has been diagnosed with unspecified trauma, unspecified anxiety.

Plaintiff was snatched off the bench by Defendant Counselor Rodriguez, who tried to bend her leg the wrong way and damaged it, possibly permanently. Over six months later, Plaintiff's leg is still damaged. Plaintiff was assaulted and thrown back into the cell, where Plaintiff hung herself by a shoe string due to the trauma and duress of being barred from court and kept in the cage and barred from knowing what was going on with her daughter as further torture. While hanging from the top of the cage by a shoe string trying to commit suicide, Defendant Heredia pepper sprayed Plaintiff and almost killed her.

Plaintiff seeks monetary damages.

**B.      Discussion**

1.      <u>Linkage and Supervisory Liability</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The

4

Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's complaint fails to link the Secretary of CDCR or the John Doe defendants to any wrongful conduct.

Insofar as Plaintiff is attempting to sue the Secretary of CDCR based on their supervisory role, she may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

Here, Plaintiff has failed to establish that the Secretary of CDCR participated in or directed any constitutional violation or that they implemented a policy so deficient that it was the moving force of any constitutional violation.

2.      First Amendment

a.      *Access to Courts*

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. In order to state a claim for the denial of court

access, a prisoner must establish that he suffered an actual injury. *Id.* at 349. "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." *Id.* at 348; *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quoting *Lewis*, 518 U.S. at 353 & n.3); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011).

Here, Plaintiff alleges that the actions of Defendants prevented her from attending a child custody court date. As a child custody case is not a direct criminal appeal, habeas petition, or civil rights action, Plaintiff's allegations do not state a cognizable claim for relief for violation of Plaintiff's right of access to courts.

b.    *Grievance Process*

Plaintiff appears to allege that Defendant H. Moseley violated her rights based on actions he took in reviewing her grievance regarding the incidents at issue in the complaint. However, Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative processing or review of her prisoner grievances. The existence of an inmate grievance or appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that she was denied a particular result or that the process was deficient. *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988).

3.    Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).

a.    *Excessive Force*

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,]

the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

At the pleading stage, Plaintiff states cognizable claims for excessive use of force against Defendant Rodriguez for snatching Plaintiff out of the holding cage and bending her leg the wrong way, and against Defendant Heredia for pepper spraying Plaintiff while she was hanging from the top of the holding cage by a shoe string.

b.   *Conditions of Confinement*

To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,

503 U.S. 1, 9 (1992).  Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Factors affecting whether a condition is sufficiently serious include its duration, the attendant circumstances, and the nature of the particular deprivation.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  Temporary placement in administrative segregation or a holding cell has been found not to rise to the level of a constitutional violation.  *See Stafford v. Doss*, No. 2:16-CV-1403-JAM-DMC, 2021 WL 3563490, at *12 (E.D. Cal. Aug. 12, 2021) (four hours in temporary holding cell did not rise to level of Eighth Amendment violation), report and recommendation adopted, 2021 WL 4356036 (E.D. Cal. Sept. 24, 2021).

Plaintiff's allegations that she was held in a holding cage for approximately two hours while being prevented from attending her court date are not sufficient to state a cognizable claim related to her conditions of confinement.

### 4.     Doe Defendants

Plaintiff names several doe defendants.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended her complaint to substitute names for John Doe or Jane Doe.

### III.     Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's complaint states cognizable claims against Defendants Rodriguez and Heredia for excessive force in violation of the Eighth Amendment.  However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendants.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

///

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed June 20, 2023, (ECF No. 1), against Defendants Rodriguez and Heredia for excessive force in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**February 10, 2026**__            ___/s/ *Barbara A. McAuliffe*___
                                             UNITED STATES MAGISTRATE JUDGE

9