**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTORIA CHRISTOPHER, | No.  1:23-cv-00916-JLT-FRS (BAM) (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| CDCR SECRETARY, et al., | (Doc. 18) |
| Defendants. | |

Victoria Christopher is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 10, 2026, the assigned Magistrate Judge screened the complaint and found that Plaintiff stated cognizable claims against Defendants Rodriguez and Heredia for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendant.  (Doc. 15.)  The Court ordered Plaintiff to either file an amended complaint or notify the Court of her willingness to proceed only on the cognizable claims identified by the Court.  (*Id.*)  On February 5, 2026, Plaintiff a notice expressing disagreement with portions of the screening order but also clearly expressing her intention not to file an amended complaint.  (Doc. 16.)

Accordingly, on February 10, 2026, the Magistrate Judge issued findings and recommendations that this action proceed on Plaintiff's complaint against Defendants Rodriguez and Heredia for excessive force in violation of the Eighth Amendment.  (Doc. 18.)  The

1

Magistrate Judge further recommended that all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted. (*Id.*) The findings and recommendations were served on Plaintiff and contained notice that any objections were to be filed within 14 days after service. (*Id.*)

Plaintiff filed objections to the findings and recommendations on February 26, 2026. (Doc 19.) Plaintiff again states clearly that she wishes to proceed "on all cognizable claims" despite her disagreement with the magistrate judge's recommendation not to allow her to pursue a claim based on her allegation that prison staff prevented her from participating in a child custody hearing. (*See id.* ("I absolutely object to [the court] making a ruling precluding incarcerated persons from attending their child's court hearings, especially when dealing with custody and guardianship.").) She explains that she has "knowledge of family members and even family secrets that have the potential to destroy a child for the rest of their life." (*Id.*)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having reviewed the file, including Plaintiff's objections, the Court concludes that the findings and recommendations to be supported by the record and by proper analysis. The magistrate judge correctly concluded that the Supreme Court has limited "access to courts" claims to direct criminal appeals, habeas petitions, and civil rights actions. (Doc. 18 at 5.) The Court has also considered whether the complaint could be understood as asserting a claim based on a parent's interests "in the care, custody, and control of their children," which is "perhaps the oldest of the fundamental liberty interests" the Supreme Court has recognized. *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion). Plaintiff's current allegations about the child custody proceedings do not permit the Court to infer that she has state or could state such a claim. Those allegations are simply too vague. Additional or more specific allegations could potentially reveal a potentially viable claim. But based on Plaintiff's decision not to amend her complaint and her request to proceed, the Court agrees with the magistrate judge's recommendation to permit only her excessive force claim to move forward at this time. Plaintiff may, of course, request permission to amend her complaint in the future if she meets the requirements of Federal Rules of Civil Procedure 15, along with any other applicable rules and

orders.

Accordingly,

1. The findings and recommendations issued on February 10, 2026, (Doc. 18), are **ADOPTED** in full;

2. This action shall proceed on Plaintiff's complaint, filed June 20, 2023, (Doc. 1), against Defendants Rodriguez and Heredia for excessive force in violation of the Eighth Amendment;

3. All other claims and defendants are **DISMISSED** from this action for failure to state claims upon which relief may be granted; and

4. This action is **REFERRED** to the Magistrate Judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **March 9, 2026**

UNITED STATES DISTRICT JUDGE