UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VICTORIA CHRISTOPHER,

Plaintiff,

v.

CDCR SECRETARY, *et al.*,

Defendants.

Case No. 1:23-cv-00916-JLT-FJS (PC)

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUBPOENAS

(ECF No. 35)

Plaintiff Victoria Christopher ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Rodriguez and Heredia ("Defendants") for excessive force in violation of the Eighth Amendment.

Currently before the court is Plaintiff's motion for subpoenas, filed August 6, 2026. (ECF No. 35.) Plaintiff requests issuance of subpoenas, pursuant to Federal Rule of Civil Procedure 45, to attorneys for Defendants for production of Plaintiff's grievances, medical records, audio and video surveillance footage, and video interview footage. (*Id.* at 1.) Plaintiff also attaches exhibits intended to prove that she exhausted her administrative remedies in relation to the incident at issue in this action. (*Id.* at 4–16.) Finally, Plaintiff attaches a copy of a letter sent to Defendants' counsel requesting production of the same materials for which she seeks a subpoena. (*Id.* at 17–18.)

Defendants filed an opposition to Plaintiff's motion on August 24, 2026. (ECF No. 36.) Defendants contend that Plaintiff is seeking a motion to compel, she has not complied with the requirements to compel, and Defendants are nevertheless in the process of responding to a letter seeking documents. If Plaintiff is seeking issuance of a subpoena, Plaintiff has not complied with the rules for the issuance of a subpoena. Finally, if Plaintiff is seeking an evidentiary finding that she exhausted her administrative remedies, that motion is untimely and not appropriate. (*Id.*)

Plaintiff has not yet had the opportunity to file a reply, but the court finds further briefing unnecessary. The motion is deemed submitted. Local Rule 230(l).

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from a non-party, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. § 1915(d). Federal Rule of Civil Procedure 45(a)(3) provides that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." But before a subpoena can be issued, the court must ensure that the party serving the subpoena has taken reasonable steps to avoid imposing an undue burden or expense on the person or entity to be served with the subpoena. Fed. R. Civ. P. 45(d)(1); *see Austin v. Winett*, No. 1:04-cv-05104-DLB-PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 11, 2008) ("Directing the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court.").

In addition, the court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents. Fed. R. Civ. P. 34. A request for the issuance of a records subpoena requires Plaintiff (1) to identify with specificity the documents sought and from whom and (2) to make a showing that the records are only obtainable through that third party.

Plaintiff's request is denied. Plaintiff is not required to issue a Rule 45 subpoena to Defendants or their attorneys to obtain documents or other materials through discovery. Plaintiff is only required to issue a request for production pursuant to Federal Rule of Civil Procedure 35, which Plaintiff did by way of her July 23, 2026, letter to Defendants' counsel. (ECF No. 35 at

17–18.) At the present time, it appears the documents and electronic materials sought are obtainable through Defendants and Defendants are in the process of responding to Plaintiff's discovery request. Hence, a Rule 45 subpoena is unnecessary. If a dispute arises regarding Defendants' responses to Plaintiff's discovery request, Plaintiff may choose to attempt to meet and confer with Defendants' counsel and, if a compromise is not reached, later file a motion to compel, as appropriate and pursuant to the court's June 30, 2026, discovery and scheduling order. (*See* ECF No. 32.)

Finally, with respect to Plaintiff's exhibits intended to "prove" that she exhausted her administrative remedies, Plaintiff is reminded that while exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The court strongly suggests to Plaintiff that exhibits should not be submitted where (1) they serve only to confuse the record and burden the court or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., in response to a motion for summary judgment or trial), Plaintiff will have the opportunity at that time to submit her evidence.

Accordingly, Plaintiff's motion for subpoenas, (ECF No. 35), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **August 25, 2026**

UNITED STATES MAGISTRATE JUDGE